UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TAMMY IVES                                    )
                                              )
       Plaintiff,                             )
                                              )
       v.                                     )          Civil Action No. 15-30153-MAP
                                              )
JOHN AGASTONI and DANIEL FORD,                )
individually and in their official capacit[ies] )
[as] Justice[s] of the Superior Court         )
of Berkshire County; and DEBORAH              )
CAPELESS in her official capacity as Clerk    )
of the Superior Court of Berkshire County,    )
                                              )
       Defendants.                            )

REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO PROCEED
_IN FORMA PAUPERIS_ AND FOR SUMMARY
DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)(2)
(Dkt. No. 2)

ROBERTSON, U.S.M.J.

       I.       INTRODUCTION

       On August 28, 2015, Tammy Ives ("Plaintiff"), a self-represented party, filed this civil

action pursuant to 42 U.S.C. § 1983 against John Agostini[1] and Daniel Ford, both of whom are

judges of the Superior Court Department of the Massachusetts Trial Court ("the Judicial

Defendants") and Deborah Capeless, the elected Clerk of the Berkshire County Superior Court

(collectively, "Defendants").  (The court will refer to the complaint in the instant case as the

Second Complaint.)  Presently before the court is Plaintiff's motion to proceed _in forma pauperis_

(Dkt. No. 2), which has been referred to this court (Dkt. No. 6).  The court recommends allowing

Plaintiff to proceed without paying the filing fee.  Because plaintiff will be proceeding _in forma_

---

[1] The court takes judicial notice of the correct spelling of the Honorable John Agostini's last
name.

*pauperis*, her complaint is subject to preliminary screening under 28 U.S.C. § 1915(e)(2).  For

the reasons set forth below, the undersigned recommends that Plaintiff's Second Complaint be

dismissed with prejudice.  *See* 20 U.S.C. § 636(b)1)(B); Fed. R. Civ. P. 72(b)(1).

II.     RELEVANT BACKGROUND

On February 12, 2015, Plaintiff filed a complaint in this court against judges Agostini and

Ford, alleging, in summary, that these defendants had violated her rights under the First, Fifth,

Seventh, and Fourteenth Amendments of the United States Constitution by their rulings in cases

brought by Plaintiff and her husband in the Berkshire County Superior Court.  The court will

refer herein to the complaint in the February 12, 2015 case as the First Complaint.  Plaintiff's

February 12, 2015 case was docketed under the CM/ECF number 15-cv-30025.  A copy of the

docket in 15-cv-30025 is attached hereto as Exhibit 1 ("Exh. 1").  On April 3, 2015, the

undersigned recommended summary dismissal with prejudice of Plaintiff's First Complaint

pursuant to 28 U.S.C. § 1915(e)(2) (Exh. 1, Dkt. No. 6).  The Clerk's Office mailed a copy of the

Report and Recommendation to Plaintiff on the day it was issued at 62 Sadler Avenue in

Pittsfield, the address appearing in the First Complaint (Exh. 1, Dkt. No. 7).  Plaintiff did not file

an objection to the Report and Recommendation, which was adopted by District Judge Mark G.

Mastroianni on April 30, 2015 (Exh. 1, Dkt. No. 8).  On May 1, 2015, the Clerk's Office mailed

a copy of the final judgment entered on Plaintiff's First Complaint to Plaintiff at 62 Sadler

Avenue, Pittsfield (Exh. 1, Dkt. No. 10).

The first four pages of Plaintiff's Second Complaint repeat virtually verbatim the

contents of her First Complaint, including that Plaintiff resides at 62 Sadler Avenue in Pittsfield

(Dkt. No. 1 at 1-4; Exh. 1, Dkt. No. 1 at 1-4).  The First Complaint and the duplicative portion of

the Second Complaint allege, in summary, that the Judicial Defendants violated Plaintiff's

constitutional rights under the First, Fifth, Seventh and Fourteenth Amendments to the United States Constitution by denying every motion she filed without a reason; denying her requests for trials; and refusing to allow Plaintiff and her husband to speak in court to their satisfaction (Exh. 1, Dkt. No. 1 at 1-4; Dkt. No. 1 at 1-4).  Both complaints allege that the Judicial Defendants are biased against self-represented parties, and that the judges and the Clerk's Office have conspired to lose Plaintiff's filings and delay rulings on her motions and claims (*id*.).  In addition to the portion of the Second Complaint that repeats the allegations made in the First Complaint, the Second Complaint alleges that, more recently, the Judicial Defendants, in concert with Ms. Capeless, improperly denied Plaintiff's request for a jury trial and allowed a motion for summary judgment in a case in which Plaintiff was a defendant (Dkt. No 1 at 5).  The Second Complaint further alleges that the Judicial Defendants have a conflict of interest in cases to which Plaintiff is a party and that Ms. Capeless has "aided in the antics of the judges" by inequitably applying the procedural rules of the Superior Court and rubber stamping the names of the Judicial Defendants on the paper work (*id*.).

Neither of Plaintiff's complaints enumerates any causes of action.  In her prayer for relief in the First Complaint, Plaintiff requested injunctive relief commanding the Judicial Defendants to review all of her cases; declaratory and other relief as deemed appropriate by this court; and an award for the costs of litigation and travel (Exh. 1, Dkt. No. 1 at 5).  In the Second Complaint, she requests injunctive relief commanding the Judicial Defendants "to review all cases, and excuse themselves from [her cases] due to conflict of interest;" declaratory and other relief as deemed appropriate by this court; an award for the costs of litigation and travel; and that Ms. Capeless "be put on leave until further investigation" (Dkt. No. 1 at 6).

III.    DISCUSSION

a.   The motion for leave to proceed *in forma pauperis*

Upon review of Plaintiff's financial disclosures, the court finds that she is without sufficient funds to pay the filing fee for this action.  Accordingly, the court recommends granting Plaintiff's Motion to Proceed *in Forma Pauperis*.

b.   The complaint is subject to screening

Because Plaintiff will be proceeding *in forma pauperis*, her complaint is subject to preliminary screening under 28 U.S.C. § 1915(e)(2).  This statute directs federal district courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is malicious or frivolous; fails to state a claim upon which relief can be granted; or seeks monetary or other relief against a defendant who is immune from such relief.  *See id.; see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).  In addition to the screening function under § 1915, this court also has an independent obligation to inquire *sua sponte* into the question of its subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004).

For purposes of preliminary screening, the court liberally construes Plaintiff's complaint because she is self-represented.  *See Rodi v. Southern New England Sch. of Law*, 389 F.3d 5, 13 (1st Cir. 2004) (citing *Boivin v. Black*, 225 F.3d 36, 43 (1st Cir. 2000)).  Even allowing for a liberal construction of the Second Complaint, the court recommends, for the reasons set forth below, that it be dismissed with prejudice.

c.   A majority of Plaintiff's claims in the Second Complaint are barred
     by res judicata

Federal law governs the *res judicata* effect of a previous judgment in a federal court. *See, e.g., Massachusetts Sch. of Law at Andover v. Am. Bar Assoc.*, 142 F.3d 26, 37 (1st Cir.

4

1998) ("Where, as here, both the potentially precluding suit and the potentially precluded suit were litigated in federal courts, federal law governs the res judicata effect of the prior judgment.").  "'Under the federal law of res judicata, a final judgment on the merits of an action precludes the parties from relitigating claims that were raised or could have been raised in that action.'"  *Mather v. GSI Lumonics, Inc.*, 443 F.3d 123, 126 (1st Cir. 2005) (quoting *Porn v. Nat'l Grange Mut. Ins. Co.*, 93 F.3d 31, 34 (1st Cir. 1996)).  Under federal law, res judicata applies if three factors are present:  "(1) a final judgment on the merits in the earlier action; (2) an identity of the cause of action in both the earlier and later suits; and (3) an identity of parties . . . in the two suits."  *Kale v. Combined Ins. Co. of Am.*, 924 F.2d 1161, 1165 (1st Cir. 1991).

Judgment entered on Plaintiff's First Complaint on the basis, among others, that the complaint failed to state a claim because the Judicial Defendants are absolutely immune from suit for their acts performed in their judicial capacity and from any injunctive relief dictating how they should perform their judicial duties in state court (Exh. 1, Dkt. No. 6 at 3-6).  A dismissal for failure to state a claim constitutes a final judgment on the merits for res judicata purposes.  *See Koolen v. Mortg. Elec. Registration Sys., Inc.*, 953 F. Supp. 2d 348, 352 (D.R.I. 2013) (citing *Andrews-Clarke v. Lucent Tech., Inc.*, 157 F. Supp. 2d 93, 99 (D. Mass. 2001)).  Each of the complaints identifies 42 U.S.C. § 1983 as the basis of the claims for relief contained therein and, as to the duplicative portions of the complaints, alleges virtually identical facts as a basis for the prayers for relief.  Thus, there is an identity of a majority of the causes of action in the earlier and later suits.  Finally, with the exception of Ms. Capeless, there is indisputably an identity of parties in the two suits.  Accordingly, claims that were asserted against the Judicial Defendants in the First Complaint and have been dismissed with prejudice are barred by the doctrine of res judicata and cannot be reasserted by means of the Second Complaint.  *See GSI*

*Lumonics, Inc.*, 433 F.2d at 126; *Baker v. Nesi*, Civil Action No. 11-11899-DJC, 2011 WL

6028069, at *4, n.8 (D. Mass. Dec. 2, 2011).

> d.   Plaintiff's Second Complaint fails to state a claim because Defendants
>       are absolutely immune from suit

Whether or not res judicata bars a majority of Plaintiff's claims, the Second Complaint is

subject to dismissal in its entirety for failure to state a claim upon which relief may be granted.

To adequately state a federal claim, a complaint must allege a "plausible entitlement to relief."

*Rodriguez–Ortiz v. Margo Caribe, Inc.,* 490 F.3d 92, 95 (1st Cir.2007).  "In determining whether

a complaint crosses the plausibility threshold, the reviewing court must draw on its judicial

experience and common sense." *García–Catalán v. United States,* 734 F.3d 100, 103 (1st Cir.

2013) (internal quotation marks omitted).

Plaintiff's complaint seeks relief against all Defendants for acts taken in their judicial

capacities.  Absolute judicial immunity bars any such claims.  *See Pierson v. Ray*, 386 U.S. 547,

553-54 (1967) ("immunity of judges for acts within the judicial role is [ ] well established");

*Nesi*, 2011 WL 6028069, at *4; *see also Slotnick v. Staviskey*, 560 F.2d 31, 32 (1st Cir. 1977)

(state court judge enjoys absolute immunity from suit under § 1983, "as does his clerk").  "'If

judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of

them frivolous, would provide powerful incentives for judges to avoid rendering decisions likely

to provoke such suits.  The resulting timidity would be hard to detect or control, and it would

manifestly detract from independent and impartial adjudication.'"  *Gallas v. Supreme Court of*

*Penn.*, 211 F.3d 760, 768 (3d Cir. 2000) (quoting *Forrester v. White*, 484 U.S. 219, 226-27

(1988)).  "Like other forms of official immunity, judicial immunity is an *immunity from suit*, not

just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (emphasis

supplied).

Absolute immunity applies to "judges performing judicial acts within their jurisdiction," and the protection it affords applies even if the official "acted maliciously and corruptly in exercising his judicial . . . functions" or "in the presence of grave procedural errors." *Goldstein v. Galvin*, 719 F. 3d 16, 24 (1st Cir. 2013) (internal quotation marks omitted); *see Mireles*, 502 U.S. at 11 (absolute judicial immunity "is not overcome by allegations of bad faith or malice"). Here, all the alleged wrongful acts are core judicial functions, including adjudicating disputes, weighing evidence, making factual findings, reaching legal conclusions, choosing sanctions, expounding reasons for decisions, presiding over courtroom sessions, accepting filings, and recording rulings. These are acts regularly performed by judges and clerks within the scope of their jurisdiction. *See Goldstein*, 719 F. 3d at 25. Regardless of any allegations of malice, prejudice, bias or alleged errors in connection with the Defendants' rulings and related actions in cases to which Plaintiff is a party, all of the named Defendants are absolutely immune from suit.

     e. <u>The court lacks subject matter jurisdiction over Plaintiff's Second Complaint</u>

Another reason for dismissal with prejudice of the Second Complaint is that this court does not have jurisdiction over the claims asserted therein. Plaintiff seeks to challenge the validity and lawfulness of rulings and judgments entered by the Superior Court of the Commonwealth of Massachusetts. This court lacks subject matter jurisdiction over such claims because, under the *Rooker-Feldman* doctrine, a federal district court does not have jurisdiction over claims that seek, in essence to overturn state court judgments. *See Geiger v. Foley Hoag LLP Retirement Plan*, 521 F.3d 60, 65 (1st Cir. 2008); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005); *Nesi*, 2011 WL 6028069, at *3. The *Rooker-Feldman* doctrine "means in a nutshell that a federal court below the United States Supreme Court does not have jurisdiction over a claim that seeks in essence to overturn a state court judgment.

Instead, the proper avenue for such a challenge is to the state's highest court and from there to the United States Supreme Court." *Bradbury v. GMAC Mortg., LLC*, 780 F. Supp. 2d 108, 113 (D. Me. 2011); *see Davison v. Gov't of Puerto Rico-Puerto Rico Firefighters Corps.*, 471 F.3d 220, 223 (1st Cir. 2006) ("[T]he proper forum for challenging an unlawful state court ruling is the United States Supreme Court, on appeal of the highest state court's final judgment."). Accordingly, this court lacks jurisdiction to order the Judicial Defendants, or other Superior Court judges, to revisit the decisions entered in the state court cases to which Plaintiff has been a party. *See Puerto Ricans for Puerto Rico Party v. Dalmau*, 544 F.3d 58, 68 (1st Cir. 2008) (plaintiff precluded from "'seeking review and rejection'" of state court judgments in federal court) (quoting *Exxon Mobile Corp.*, 544 U.S. at 291 (2005)); *Walton v. Claybridge Homeowners Ass'n, Inc.*, No. 10-3970, 2011 WL 3331944 (7th Cir. Aug. 3, 2011) (plaintiff's lawsuit against state court judge and others barred by *Rooker-Feldman* doctrine where the plaintiff sought injunctive relief from rulings of state court judge); *Marciano v. White*, No. 09-56897, 2011 WL 1748350 (9th Cir. May 9, 2011) (same).

Finally, while Plaintiff requests declaratory relief, she does not specify what form the declaratory relief would take. "A declaratory judgment is meant to define the legal rights and obligations of the parties in anticipation of some future conduct, not simply to proclaim liability for a past act." *Lawrence v. Kuenhold*, 271 Fed. Appx. 763, 766 (10th Cir. 2008). Plaintiff in fact seeks injunctive relief in the form of an order commanding the Superior Court to review all cases to which she has been a party, directing that the Judicial Defendants be removed from those cases, and suspending Ms. Capeless from her elected position (Compl. at 5.) The language of 42 U.S.C. § 1983, as amended by the Federal Courts Improvement Act of 1996, "specifically bars this type of injunctive relief against state court judges." *Nollet v. Justices of Trial Court of*

*Mass.*, 83 F. Supp. 2d 204, 210 (D. Mass. 2000); *see Roth v. King*, 449 F.3d 1272, 1286 (D.C. Cir. 2006) (§ 1983, as amended, "explicitly immunizes judicial officers against suits for injunctive relief").  Even if Plaintiff were to amend her complaint to seek a declaratory judgment defining the legal rights and obligations of the parties regarding some future conduct, such as, for example, the handling of future cases she may file, "it is beyond the powers of a federal court to promulgate rules for a state court."  *Nollet*, 83 F. Supp. 2d at 210 (dismissing claim seeking decree commanding the Family and Probate Court to "adopt measures to prevent discrimination against men").

IV.     Conclusion

For the reasons set forth above, the court recommends that Plaintiff's Motion to Proceed *In Forma Pauperis* be granted.  The court further RECOMMENDS that the case be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2).[1]

/s/ Katherine A. Robertson
KATHERINE A. ROBERTSON
United States Magistrate Judge

DATED: December 14, 2015

---

[1] The parties are advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court within fourteen (14) days of the party's receipt of this Report and Recommendation.  The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection.  The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation.  *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980).  *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.